UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **John Spann,** ) | **CASE NO. 4:14 CV 0660** |
| ) | |
| Petitioner, ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| **Warden John Coakley,** ) | |
| ) | |
| Respondent. ) | |

*Pro se* petitioner John Spann filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §2241. (Doc. 1.) For the reasons stated below, the petition is denied.

**Background**

On December 2, 2004, petitioner was charged by a federal grand jury with violating 18 U.S.C. §§ 922(g)(1) (convicted felon in possession of a firearm) and 924(e) (career criminal in possession of a firearm). Following a two-day trial, petitioner was found guilty of violating 18 U.S.C. § 922(g)(1). To prove petitioner's status as an armed career criminal at his sentencing hearing, the government provided certified copies of court records from the Philadelphia County Court of Common Pleas demonstrating petitioner had three prior convictions: a burglary conviction and two prior aggravated assault convictions. The district court found petitioner was an armed career criminal under 18 U.S.C. § 924(e) and enhanced his sentence. The district

court sentenced petitioner to a total of 188 months' imprisonment, within the guideline range. Petitioner appealed his sentence to the Third Circuit Court of Appeals, arguing the government's failure to charge and prove his prior felony convictions to a jury violated his Fifth and Sixth Amendment rights.  The Third Circuit rejected petitioner's claims and affirmed his sentence.  *U.S. v. Spann*, 243 Fed. App'x 689, 2007 WL 2156151 (3rd Cir. July 27, 2007). Petitioner's subsequent petition for a writ of certiorari in the Supreme Court was denied.

Petitioner filed a *pro se* petition under 28 U.S.C. § 2255 in the Eastern District of Pennsylvania, asserting ineffective assistance of his counsel and that his prior burglary conviction was improperly considered as a predicate conviction in enhancing his sentence.  The district court denied the § 2255 petition, finding petitioner had not demonstrated denial of a constitutional right.  *U.S. v. Spann*, 2009 WL 2018508, at *1 (E.D. Pa. July 9, 2009).

Petitioner now seeks relief from this Court pursuant to 28 U.S.C. § 2241, asking the Court "to vacate his sentence."  (Pet. Mem. at 12.)

**Standard of Review**

The Court conducts an initial review of habeas corpus petitions.  28 U.S.C. §2243; *Alexander v. Northern Bureau of Prisons*, 419 Fed. App'x 544, 545 (6th Cir. 2011).  Although a *pro se* complaint is evaluated under a more lenient standard than a pleading drafted by a lawyer, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the Court must deny a petition if it plainly appears from the face of the petition that the petitioner is not entitled to relief.  *See Alexander*, 419 Fed. App'x at 545.  The allegations in the petition are accepted as true and liberally construed in the petitioner's favor.  *Urbina v. Thomas*, 270 F.3d 292, 295 (6th Cir. 2001).

**<u>Analysis</u>**

Even when the petition is liberally construed, petitioner is not entitled to relief under 28 U.S.C. § 2241.  Sections 2255 and 2241 provide the habeas statutory scheme for federal prisoners.  *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009).  Section 2255 provides the primary avenue of relief for federal prisoners claiming the right to release as a result of an unlawful sentence, while § 2241 "is appropriate for claims challenging the execution or manner in which the sentence is served."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  Therefore, claims asserted by federal prisoners seeking to challenge their sentences must be filed in the sentencing court pursuant to 28 U.S.C. § 2255.  *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

There is a "saving clause" in § 2255, 28 U.S.C. § 2255(e), which provides a narrow exception and allows a federal prisoner to challenge his conviction or sentence under § 2241 if § 2255 "is inadequate or ineffective to test the legality of the detention."  *Terrell*, 564 F.3d at 447.  Section 2255 relief is not inadequate or ineffective, however, merely because § 2255 relief has been denied, the petitioner is procedurally barred from pursuing § 2255 relief, or the petitioner has been denied permission to file a second or successive § 2255 motion.  *Barnes v. United States*, 102 Fed. App'x 441, 443 (6th Cir. 2004).  Rather, the savings clause has been applied to allow a § 2241 petition only where a petitioner demonstrates "actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."  *Hayes v. Holland*, 473 Fed. App'x 501, 502 (6th Cir. 2012).  Actual innocence can be shown where the prisoner shows "an intervening change in the law establishes his actual innocence."  *Barnes*, 102 Fed. App'x at 443.

Petitioner's theory of actual innocence is based on the new rule of law announced in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013), in which the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt."  Petitioner argues his "sentence must be set aside and vacated" because the government did not charge and prove his prior felony convictions used to enhance his sentence to a jury.

Even viewing the petition liberally in petitioner's favor, petitioner does not have a cognizable claim under § 2241.  Initially, even though *Alleyne* "establishes a new rule of constitutional law," the Supreme Court "did not declare that [the] new rule applies retroactively on collateral attack."  *Simpson v. U.S.*, 721 F.3d 875, 876 (7th Cir. 2013).  Therefore, while the rule in *Alleyne* applies to cases still pending on direct review, it cannot be used retroactively on collateral review.  *Id.*

In addition, even if *Alleyne* had retroactive application, it is insufficient to trigger the savings clause in § 2255 in petitioner's case.  Although petitioner uses the phrase "actual innocence" in his petition, he does not contend he is actually innocent of the federal charge for which he was convicted.  Instead, petitioner challenges only his enhanced sentence on the ground that the prior convictions used to enhance his sentence were not charged and tried to the jury.  The Sixth Circuit has held that claims of sentencing error may not serve as the basis for an actual innocence claim under § 2255's savings clause.  *See Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003) ("The saving clause may only be applied when the petitioner makes a claim of actual innocence.  A challenge to a sentence . . . cannot be the basis for an actual innocence claim . . .") (citations omitted).  *See also See Jones v. Castillo*, 489 Fed. App'x 864, 866 (6th

Cir. 2012) ("Claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241."); *Hayes*, 473 Fed. App'x at 502 ("[t]he savings clause of section 2255(e) does not apply to sentencing claims."). Accordingly, petitioner cannot challenge his enhanced sentence pursuant to § 2241.

Finally, *Alleyne* does not prohibit a judge from determining whether a defendant has a prior conviction for purposes of enhancing a sentence in any case. As the Sixth Circuit has stated, since the Supreme Court decided *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), "it has been well-settled that a judge is permitted to find, based on a preponderance of the evidence, the fact of a prior conviction." *United States v. Pritchett*, 749 F.3d 417, 434 (6th Cir. 2014). In *Alleyne,* the Supreme Court specifically declined to disturb this narrow exception. *See Alleyne*, 133 S. Ct. at 2160, n. 1. *Almendarez-Torres* remains good law, and this Court is required to follow it. *See Pritchett*, 749 F.3d at 434 (holding district court was permitted to find the fact of defendants' prior convictions in enhancing their sentences for drug conspiracy). Thus, petitioner has not alleged a viable claim under *Alleyne* even if it could be retroactively applied on collateral review.

**Conclusion**

For all the reasons stated above, petitioner's challenge to his enhanced sentence is insufficient to invoke the savings clause of 28 U.S.C. § 2255 or entitle petitioner to relief in a § 2241 petition. Accordingly, his petition is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

          /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/20/14